IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME WALKER,

    Petitioner,

vs.                                                Case No. 4:11cv118-SPM/CAS

KENNETH S. TUCKER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On March 18, 2011, Petitioner Jerome Walker, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Pursuant to orders of this Court, Petitioner filed an amended petition, Doc. 6, and a second amended petition, Doc. 9. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Leon County, on September 11, 2000, following a jury trial. Docs. 1 and 9. Respondent has filed a motion to dismiss the § 2254 petition as untimely. Doc. 16. Petitioner has filed a reply to that motion. Doc. 22.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

The State of Florida charged Petitioner with two counts of robbery and two counts of kidnapping to facilitate a felony in connection with events that took place on November 6, 1999, at Heidi's Bakery in Tallahassee, Florida.  See Doc. 16 Ex. A at 10.  In July 2000, Petitioner proceeded to a jury trial in Leon County Circuit Court, and the jury found him guilty as charged.  See id. Ex. A at 63-66; Ex. B.  On September 11, 2000, the circuit court sentenced him as a Prison Releasee Reoffender to life in prison for each of the two kidnapping offenses and fifteen (15) years in prison for each of the two robbery offenses, with all sentences to run consecutively.  See id. Ex. A at 73-85, Ex. C.  Petitioner filed a direct appeal and, on June 14, 2002, the First District Court of Appeal (DCA) affirmed his judgment and sentence without an opinion in case number 1D00-4461.  See id. Ex. F; Walker v. State, 819 So. 2d 759 (Fla. 1st DCA 2002) (table).  Petitioner did not appeal this decision, and the mandate issued July 2, 2002.  See Doc. 16 Ex. F.

On April 22, 2003, Petitioner filed a petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel.  Doc. 16 Ex. M.  The First DCA per curiam denied that petition without an opinion on July 24, 2003, in case

number 1D03-2055.  *Id.* Ex. N; <u>Walker v. State</u>, 852 So. 2d 240 (Fla. 1st DCA 2003) (table).

On November 19, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief and supporting memorandum.  Doc. 16 Ex. G at 1-40.  After holding an evidentiary hearing, the post-conviction trial court entered an order on August 13, 2004, granting relief on one of the grounds raised, denying the remaining grounds, and directing the clerk to correct the judgment and sentence to reflect that Petitioner was to serve concurrent, rather than consecutive, sentences.  *Id.* at 50-55.  Petitioner appealed that order to the First DCA, and both sides filed briefs in the case, number 1D04-4171.  Doc. 16 Exs. J and K.  The First DCA issued a per curiam affirmance without opinion on November 4, 2005.  *Id.* Ex. L; <u>Walker v. State</u>, 914 So. 2d 959 (Fla. 1st DCA 2005) (table).  The mandate issued on November 30, 2005.  Doc. 16 Ex. L..

Petitioner filed a Rule 3.800(a) Motion to Correct Illegal Sentence on or about January 6, 2006, in the Leon County Circuit Court.  *See* Doc. 16 Ex. O.  By order dated January 30, 2006, that court denied the motion.  *See id.*  It does not appear that Petitioner appealed that order.  *See id.*; online docket for First DCA at www.1dca.org.

On August 6, 2007, Petitioner filed a Petition for Writ of Habeas Corpus for Belated Appeal for Postconviction Relief in the First DCA, assigned case number 1D07-4131.  Doc. 16 Ex. O.  That court dismissed the petition on October 3, 2007, for Petitioner's failure to comply with court's orders and the Florida Rules of Appellate Procedure.  *See id.* Ex. P; online docket for case 1D07-4131 at www.1dca.org.

On December 15, 2008, Petitioner filed a Rule 3.850(h) motion in the state circuit court. Doc. 16 Ex. Q at 1-22. By order rendered May 28, 2009, the circuit court denied the motion. *Id.* at 23-25. Petitioner moved for rehearing, which the circuit court denied. *Id.* at 30-35, 36. Petitioner then appealed to the First DCA and filed a brief in the case, number 1D09-3663. *Id.* at 37 and Ex. R. The First DCA issued a per curiam affirmance without opinion on October 19, 2009. *Id.* Ex. S; Walker v. State, 22 So. 3d 75 (Fla. 1st DCA 2009) (table). The mandate issued November 16, 2009. *See* online docket for 1D09-3663 at www.1dca.org.

On January 7, 2010, Petitioner filed a Successive Petition for Writ of Habeas Corpus in the First DCA, assigned case number 1D10-190. Doc. 16 Ex. T. On February 3, 2010, that court dismissed the petition with a citation to Baker v. State, 878 So. 2d 1236 (Fla. 2004). *See* Doc. 16 Ex. U; Walker v. State, 31 So. 3d 820 (Fla. 1st DCA 2010). Petitioner timely filed a motion for rehearing, which was denied on April 8, 2010. Doc. 16 Exs. V and W.

On July 15, 2010, Petitioner filed a Petition for Belated Appeal in the First DCA, assigned case number 1D10-3528. Doc. 16 Ex. X. On August 13, 2010, that court dismissed the petition with a citation to Florida Rule of Appellate Procedure 9.141(c)(4)(B) and (5)(c). Doc. 16 Ex. Y; Walker v. State, 41 So. 3d 1093 (Fla. 1st DCA 2010).

As indicated above, Petitioner filed his initial § 2254 petition in this Court on March 18, 2011, and ultimately filed a second amended § 2254 petition. Docs. 1 and 9. On February 27, 2012, Respondent filed a motion to dismiss the second amended

petition as untimely, with attached exhibits. Doc. 16. Petitioner filed a reply on June 11, 2012. Doc. 22.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[1]

Respondent argues the § 2254 petition is untimely because Petitioner's conviction became final on September 12, 2002, when the ninety-day period to seek review in the U.S. Supreme Court expired, and Petitioner next filed his state Rule 3.850 post-conviction motion on November 19, 2003, which was 433 days after his direct appeal was final and well after the one-year AEDPA limitations period expired. Doc. 16

---

[1]The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

at 4. In response, Petitioner correctly points out that before he filed his Rule 3.850 motion, he filed a petition for habeas corpus in the First DCA on April 22, 2003, and this stopped the AEDPA clock. Doc. 22 at 1; *see* Doc. 16 Ex. M.

Further, as Respondent indicates, the post-conviction trial court, in ruling on the Rule 3.850 motion, ordered that Petitioner's sentence be corrected to reflect that Petitioner serve concurrent rather than consecutive sentences. Doc. 16 at 2, Ex. G at 50-55. It thus appears this ruling vacated Petitioner's original sentence and restarted the AEDPA clock. *See* Doc. 16 Ex. G at 51; Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1288 (11th Cir. 2007) (holding that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final").

In Ferreira, as in this case, the petitioner was resentenced pursuant to a Rule 3.850 motion he filed after the AEDPA limitations period had expired. 494 F.3d at 1288. There, the Eleventh Circuit held that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Id.* at 1293. In Ferreira, the petitioner filed his § 2254 petition 57 days after his corrected sentence became final; therefore, the Eleventh Circuit concluded that petition was timely. *Id.* at 1288, 1293.

In this case, Petitioner's corrected sentence became final on January 2, 2006, ninety days after the First DCA issued a per curiam affirmance of the order granting in part and denying in part Petitioner's Rule 3.850 motion. *See* Doc. 16 Exs. G and L;

Walker v. State, 914 So. 2d 959 (Fla. 1st DCA 2005).  Petitioner evidently filed a Rule 3.800(a) motion a few days later, on or about January 6, 2006, which the state circuit denied on January 30, 2006.  *See* Doc. 16 Ex. O.  Petitioner apparently did not appeal that order.  *See id.*; online docket for First DCA at www.1dca.org.  Petitioner did not file anything else until well over a year later, on August 6, 2007, when he filed a Petition for Writ of Habeas Corpus for Belated Appeal for Postconviction Relief in the First DCA.  Doc. 16 Ex. O.  At this point, the AEDPA limitations period had expired and anything Petitioner filed thereafter could not toll that period.  *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

In his reply to the motion to dismiss, Petitioner argues his petition should be considered on the merits, even if untimely, because he is actually innocent of the kidnapping offenses.  Doc. 22 at 2.  Petitioner relies on Faison v. State, 426 So. 2d 963 (Fla. 1983), and argues that, under Florida law, a defendant cannot be guilty of kidnapping if the confinement was incidental to the underlying crime.  Doc. 22 at 2.  He asserts that he demonstrated in his habeas petition, and throughout his state court proceedings, that his actions did not constitute kidnapping and, therefore, under the standard set forth in Schlup v. Delo, 513 U.S. 298, 327 (1995), and House v. Bell, 547 U.S. 518, 536 (2006), Petitioner's claims should be heard on the merits.  *Id.*  Petitioner argues any procedural default should be excused based on the recent decision in Martinez v. Ryan, – U.S. –, 132 S. Ct. 1309 (2012).  Doc. 22 at 3.

Petitioner's argument should be rejected. Petitioner claims his actual innocence "should serve as a gateway to consideration of constitutional claims time-barred under AEDPA's one-year limitation period." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Petitioner has failed to demonstrate he is entitled to review of his petition pursuant to such an exception. Indeed, such an "actual innocence" exception, if it exists in this context, requires Petitioner "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle, 672 F.3d at 1011 (citations omitted; quoting Schlup, 513 U.S. at 324, 327). Such a claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 524. In this case, Petitioner has not supported his allegations with any new evidence. Indeed, his allegations concern only legal innocence, not factual innocence, and this is insufficient. *See* Rozzelle, 672 F.3d at 1012 ("Our decisions . . . show that if such an [actual innocence] exception [to AEDPA's one-year filing window] exists, it exists only for actually innocent petitioners."); *see also, e.g.*, Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("'Actual innocence' means factual innocence, not mere legal insufficiency." (quoting Bousley v. United States, 523 U.S. 614, 623 (1998))); Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc:

"Actual factual innocence is required; legal innocence is not enough."). Therefore, Petitioner has failed to make a threshold showing of actual innocence.

The Martinez case cited by Petitioner is distinguishable from this case. *See* Martinez, 132 S. Ct. at 1309. In that case, the U.S. Supreme Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Martinez did not involve the actual innocence exception. Further, in this case, Petitioner has not asserted a claim of ineffective assistance of trial counsel in his federal habeas petition. *See* Doc. 9 at 6 (asserting as only ground that "The State Courts have come to an unreasonable failure to review and determine the laws in relation to the facts of this instant cause of action in violation of the Petitioner's Sixth and Fourteenth Amendment(s) of the United States Constitution and Article I, §. 9, of the Florida Constitution").

Finally, Petitioner does not allege entitlement to equitable tolling of the federal limitations period. As the Respondent indicates in the motion to dismiss, and as set forth above, Petitioner cannot show that he has acted with any diligence, as he allowed significant periods of time to lapse among all of his state court filings. *See* Doc. 16 at 5. *See, e.g.*, Holland v. Fla., – U.S. –, 130 S. Ct. 2549, 2562 (2010) ("'[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002) ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.").

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss should be granted. The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:11cv118-SPM/CAS

should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 16) be **GRANTED**, the § 2254 petition for writ of habeas corpus be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2012.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**